1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DEWAYNE A. WRIGHT,                    No.  2:23-CV-1532-DMC

12                    Plaintiff,

13        v.                                ORDER

14   AMANDA, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19            The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22   initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

23   Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

26   28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27   complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

                                              1

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Amanda, a nurse practitioner; (2) Tracy, a nurse; (3) Mendez, a corrections officer; (4) Gibson, a sergeant; and (5) Solano County Jail.  Id. at 2.  Plaintiff Wright is housed at the Stanton Correctional Facility, where the alleged violations took place.  See id. at 1.

In Plaintiff's first claim, he alleges he was issued another inmate's medication. See id. at 3. A few minutes after Plaintiff took the medication and the nurse left his unit, another inmate noticed Plaintiff breathing heavily on his bunk.  See id.  The other inmate asked Plaintiff if he was okay, to which Plaintiff replied "no."  Id.  Plaintiff asked the other inmate what medication he takes.  See id.  The other inmate stated that he takes Adderall, which has side effects of causing blood pressure spikes and dizziness.  See id.  Plaintiff began acting strangely and his blood pressure spiked to high levels twenty minutes after taking the medication.  Id. Plaintiff blacked out.  See id.  Medical personnel were called to check Plaintiff's blood pressure and subsequently transported him to NorthBay Health Medical Center in Fairfield.  See id. Plaintiff alleges injury from being given the wrong medication and having to be taken to a hospital.  See id.

In Plaintiff's second claim, he alleges Defendant Mendez violated his constitutional rights by taunting and harassing him.  See id. at 4.  Plaintiff alleges he filed a complaint against Defendant Mendez for unprofessionalism on July 12, 2023, and that the allegations made in the complaint were substantiated.  See id.  Thereafter, Defendant Mendez

1  returned to Plaintiff's unit and continued to harass and taunt him.  See id.  Plaintiff found it

2  difficult to maintain himself.  See id.  Plaintiff alleges injury from being subjected to harassment

3  and high levels of stress.  See id.

4

5                                    **II.  DISCUSSION**

6           The Court finds that Plaintiff's complaint fails to state any cognizable claims.

7  Plaintiff's first claim is deficient because he does not indicate which of the named individual

8  defendants were responsible for providing Plaintiff with the wrong medication.  Plaintiff's first

9  claim is also deficient because it appears the claim is based on negligence and not deliberate

10  indifference.  Plaintiff's second claim is deficient because Plaintiff has not alleged facts which

11  show an Eighth Amendment violation arising from harassment.  Finally, Plaintiff's claim against

12  Defendant Solano County Jail, which is a unit of the County of Solano, is deficient because

13  Plaintiff has not alleged facts to give rise to municipal liability.

14       **A.      Causal Link**

15           To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

16  connection or link between the actions of the named defendants and the alleged deprivations.  See

17  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

18  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

19  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

20  an act which he is legally required to do that causes the deprivation of which complaint is made."

21  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

22  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

23  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

24  specific facts as to each individual defendant's causal role in the alleged constitutional

25  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

26  / / /

27  / / /

28  / / /

Here, Plaintiff fails to allege in his first claim how any individual defendant was involved in the alleged violation related to incorrect medication.  Plaintiff states a nurse was involved in distributing the medication but does not identify that individual.  See ECF No. 1 at 3.  Furthermore, Plaintiff does not claim any connection between Defendants Mendez or Gibson and the alleged violation.  See id.  Plaintiff will be provided an opportunity to amend.

**B.    Medical Claim**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

1  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

2  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

3  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

4        The requirement of deliberate indifference is less stringent in medical needs cases

5  than in other Eighth Amendment contexts because the responsibility to provide inmates with

6  medical care does not generally conflict with competing penological concerns.  See McGuckin,

7  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

8  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

9  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

10 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

11 treatment, or interference with medical treatment, may also constitute deliberate indifference.  See

12 Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

13 that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

14       Negligence in diagnosing or treating a medical condition does not, however, give

15 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

16 difference of opinion between the prisoner and medical providers concerning the appropriate

17 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

18 90 F.3d 330, 332 (9th Cir. 1996).

19       Here, Plaintiff claims that he was given another inmate's medication.  See ECF

20 No. 1 at 3.  To plead a cognizable claim, Plaintiff must allege that the named defendants acted

21 unnecessarily and wantonly for purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  An

22 error in providing medication suggests negligence and not deliberate indifference.  To the extent

23 Plaintiff can allege additional facts to show an Eighth Amendment violation with respect to

24 medication, Plaintiff will be provided an opportunity to amend consistent with the standards

25 outlined above.

26 / / /

27 / / /

28 / / /

**C.**   **Harassment**

"[V]erbal harassment generally does not violate the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to . . . cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)), amended by 135 F.3d 1318 (9th Cir. 1998).

Plaintiff's second claim alleges Defendant Mendez harassed and taunted him. This does not give rise to a cognizable violation of Plaintiff's constitutional rights as it is unclear whether the harassment Plaintiff alleges was verbal or physical or whether the alleged harassment was calculated to cause psychological damage.  Plaintiff will be provided an opportunity to allege additional facts in support of his harassment claim against Defendant Mendez.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend; and

2.      Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  January 18, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE